IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAN WHEELER,

    Plaintiff,                                                     CASE NO.: 6:15-CV-1017-ORL-40TBS

vs.

COASTAL DELIVERY, INC.,

    Defendant.
_____/

### SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made this 28th day of September 2015, by and between JERMAN WHEELER ("Plaintiff"), and Defendant COASTAL DELIVERY, INC. ("Coastal" or "Defendant").

WHEREAS, Plaintiff through the above-referenced case alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 §201, *et seq.* ("FLSA").

WHEREAS, Defendant denies liability and/or any other wrongdoing in respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wishes to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that

1

the above-styled case is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims Plaintiff might have under the FLSA against Defendant.

    b. Upon execution of this Agreement, the parties shall immediately file the Joint Motion for Approval of Settlement with the Court attached hereto as Exhibit "A."

    c. Plaintiff hereby knowingly and voluntarily releases Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

3. **CONSIDERATION**.

    a. If (1) Plaintiff delivers to Defendant's counsel of an executed original of this Agreement, W-4, W-9, and 1099 forms executed by Plaintiff and an executed 1099 form from Plaintiff's counsel; and (2) the Court approves this Agreement and dismisses the case, with prejudice, then, within twenty (20) business days after the latter of these two events, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of Eight Thousand Dollars and Zero Cents ($8,000.00) (hereinafter "Settlement Sum"), less applicable deductions as described below:

- $3,000.00, made payable to Jerman Wheeler, as and for alleged compensatory damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Jerman Wheeler;

- $3,000.00, made payable to Jerman Wheeler, as and for overtime compensation allegedly due Jerman Wheeler pursuant to the FLSA; which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Jerman Wheeler; and

- $2,000.00, made payable to Wenzel Fenton Cabassa, P.A, as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Wenzel Fenton Cabassa, P.A *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the release of FLSA claims contained herein, and her fulfillment of the promises contained herein.

    b. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorneys under the terms of this Agreement.

    4. **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

    5. **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges he is aware she is giving up all FLSA claims she may have against the Releasees. Plaintiff acknowledges she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff

3

acknowledges that he has consulted with his counsel-of-record, Brandon J. Hill, Esq., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

6. **WAIVER OF JURY TRIAL**. Subject to the Court's approval of this Agreement, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case. If this Agreement is not approved, Plaintiff does not waive his right to a jury trial with respect to her asserted FLSA claims.

7. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth in section 3 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

9. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiff's FLSA claims. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with his decision to sign this Agreement, except those set forth in this Agreement.

10. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and

4

which makes specific reference to this Agreement.

11. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH HIS ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: __9/24/__, 2015

STATE OF FLORIDA )

COUNTY OF __Lake.__ )

SHERENE SATTAUR
Notary Public - State of Florida
My Comm. Expires Jan 17, 2016
Commission # EE 160423
Bonded Through National Notary Assn.

SWORN TO AND SUBSCRIBED before me this __24__ day of __Sept.__, 2015, by __Jerman R Wheeler__ who is personally known to me or has produced __FLDC__ as identification.
W40 436 81 4680

(NOTARY SEAL)

_____
(Notary Signature)

__Sherene Sattaur__
(Notary Name Printed)
NOTARY PUBLIC
Commission No. __01/17/16__

6

Dated: 9/28, 2015

By: _____

STATE OF Florida )
COUNTY OF Orange )

SWORN TO AND SUBSCRIBED before me this 28th day of September, 2015, by Jason E. Zeek, on behalf of Coastal Delivery, Inc., who is personally known to me or has produced FL DL # Z200-425-73-162 as identification.

(Notary Signature)

(NOTARY SEAL)

Gary D. Wilson
(Notary Name Printed)
NOTARY PUBLIC
Commission No. FF 191092

GARY D. WILSON
Notary Public - State of Florida
Commission # FF 191092
My Comm. Expires Apr 29, 2019
Bonded through National Notary Assn.