UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAN WHEELER,

    Plaintiff,

v.                                                            Case No:   6:15-cv-1017-Orl-40TBS

COASTAL DELIVERY, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc 23).   Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

## I. Background

Plaintiff Jerman Wheeler brought this action for damages and declaratory relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendant Coastal Delivery, Inc., for unpaid overtime compensation (Doc. 1).   Plaintiff alleges that he worked more than 40 hours a week while employed by Defendant as a driver, but Defendant failed to pay him for any more than 40 hours of work per week. (Id.).   Plaintiff claims that he is owed overtime compensation for work performed "off the clock."   (Doc. 23, p. 3).   In response to the complaint, Defendant filed a motion to enforce a settlement agreement entered into by the parties to resolve a workers' compensation benefits claim that Plaintiff previously brought against Defendant (Doc. 15). The parties now agree that the prior settlement was never finalized and that Plaintiff's workers' compensation claims are still "live and pending."   (Doc. 25).

On September 10, 2015, the parties reached a tentative agreement to settle this case (Id. at ¶ 9), and Plaintiff filed (twice) a Notice of Settlement which states: "Pursuant to Local Rule 3.08(a) Plaintiff notifies the Court that the Parties have reached an agreement to fully resolve this case." (Docs. 18-19).  On September 11, 2015, the Court gave the parties 14 days to file a motion for approval of their settlement agreement, or show why approval by this Court is not required (Doc. 20).  The parties filed their Joint Motion for Approval of Settlement and Incorporated Memorandum of Law on September 28, 2015 (Doc 23).  The parties were ordered to supplement their motion to address the Court's concerns regarding the negotiation of attorney's fees (Doc. 24), which they did on October 14, 2015 (Doc 25).

The parties' settlement agreement, which addresses only Plaintiff's FLSA claims, provides that Defendant will pay Plaintiff $6,000 in actual and liquidated damages and $2,000 in attorney's fees and costs (Doc. 23-1).  The agreement does not include a confidentiality agreement or other non-monetary terms that frequently concern the Court. The parties represent that they agreed to an award of attorney's fees "separately and without regard to the amount paid to Plaintiff." (Doc. 23, p. 6).  The parties also represent that Plaintiff's claims were not compromised by attorney's fees because the settlement provides for more than Plaintiff's overtime claim.  Plaintiff's "damages were calculated by both parties as follows: 250 to 375 hours of unpaid 'half time' for a total of $4,687.50, including liquidated damages.  The total was derived by taking $6.25 (half time premium of his $12.50 hourly rate) x 375 hours = $2,343.75 x liquidated damages = $4,687.50." (Doc. 25, pp. 3-4).  The parties executed a "separate general release whereby Defendant agreed to pay Plaintiff additional consideration in the amount of $1,000 to Plaintiff and $1,000 in fees in exchange for a general release of all non-FLSA

claims Plaintiff may have had against Defendant *except* for his worker's compensation claim, which remains live and pending." (Id. at p. 4).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.  If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hamilton v. Frito-Lay, Inc., No. 6:05CV-592ORL-22JGG, 2007 WL 219981, at *2 (M.D. Fla. Jan. 26, 2007).   There is a "'strong presumption' in favor of finding a settlement fair." Id. (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Under the parties' agreement, Plaintiff will receive $3,000 in wages and the same amount in liquidated damages.   The parties dispute the amount Plaintiff is actually owed. Plaintiff argues that he should be compensated for overtime worked "off the clock;" Defendant argues that it has properly paid Plaintiff for all hours of overtime worked during his employment and that he did not work "off the clock."   (Doc. 23, p. 3).   Nevertheless, "damages were calculated by both parties as follows: 250 to 375 hours of unpaid 'half time' for a total of $4,687.50, including liquidated damages.   The total was derived by taking $6.25 (half time premium of his $12.50 hourly rate) x 375 hours = $2,343.75 x liquidated damages = $4,687.50." (Doc. 25, pp. 3-4).   Although Plaintiff alleges that he worked "off the clock," the parties' calculation of damages presumes that Plaintiff was compensated for all hours worked, but that he was not paid an overtime premium. Nevertheless, the settlement provides more than what Plaintiff estimates his damages to be, and there is nothing in the record to suggest that the settlement sum is unreasonable. The Court also notes that both parties are represented by experienced labor counsel, and the parties and their counsel represent that this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims and that there is no fraud or collusion in the settlement (Id. at pp. 3-6).   Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement.   Accordingly, I find that the settlement sum represents a fair and reasonable settlement of a bona fide dispute.

As noted *supra*, the parties executed a "separate general release whereby Defendant agreed to pay Plaintiff additional consideration in the amount of $1,000 to

Plaintiff and $1,000 in fees in exchange for a general release of all non-FLSA claims Plaintiff may have had against Defendant *except* for his worker's compensation claim, which remains live and pending." (Doc. 25, p. 4). As a general matter, general releases in FLSA cases are frequently viewed as a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee," and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). Consequently, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352. "However, if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible." Weldon v. Backwoods Steakhouse, Inc., No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014). The Court will allow a general release in exchange for separate consideration where the amount designated as separate consideration is "wholly unrelated to the value of the [Plaintiff's] FLSA claims." Id. The parties' general release complies with this standard. The release is contained in a separate agreement with separate consideration, and there is no indication that the consideration paid to Plaintiff for the release compromised his FLSA claims.

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Under the FLSA, the Court reviews the reasonableness of

counsel's legal fees to insure that counsel is adequately compensated for services rendered and that no conflict of interest taints the claimant's recovery. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents." Perez v. Nationwide Protective Servs., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005). Here, the parties agree that $2,000 in fees and costs is reasonable and that this amount was negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum. (Doc. 23, p. 6; Doc. 25, ¶¶ 6, 8). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' settlement agreement is a fair and reasonable resolution of a bona fide dispute. Therefore, I **RESPECTFULLY RECOMMEND** the following:

(1) the parties' Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc 23) be **GRANTED;**

(2) the parties' settlement agreement be **APPROVED**; and

(3) Defendant's Motion to Enforce Settlement Agreement (Doc. 15) be **DENIED as moot**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance

of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record